Francis A. Dugro, as Committee of the Person and Estate of Susan K. Vandewater, an Incompetent Person, Respondent, *v.* Mary A. Vandewater, Individually, and as Executrix and Trustee under the Last Will and Testament of Mary Ann Vandewater Deceased, Respondent, and Margaret K. Douglass, Appellant.

*Purchase from a trustee, the purchaser to have the rents — confirmation of the sale, leaving unmodified a receivership of the rents of the land sold — who is entitled to the rents.*

A person to whom a testamentary trustee of certain property had contracted to sell the same, under an agreement by which the proposed purchaser was entitled to the rents, was made a party to an action to compel the trustee to account by an order which provided that the sale to such purchaser should be consummated, and that a receivership of the rents and profits of the property, theretofore created, should remain unmodified until the consummation of the sale.

*Held*, that as the order in respect to the receivership remained unmodified, the receiver was entitled to the rents accruing between the time when the order appointing him was made and the time when the deed was delivered;

That on a motion by the receiver to compel the attorney in fact for the purchaser to pay over the rents which he had collected prior to the delivery of the deed, it was competent for the court to determine the purchaser's right to such rents when it appeared that, although the motion papers were not served upon the purchaser, but only upon the attorney in fact, the purchaser appeared and was represented by counsel upon the motion.

Appeal by the defendant, Margaret K. Douglass, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of June, 1898, appointing a referee to take an account of

the rents of certain property collected or received by the defendant Margaret K. Douglass, through James S. Douglass, her agent and attorney or otherwise, or by the said James S. Douglass during a certain period, and of the sum properly disbursed by her or her said attorney, and also requiring the said Margaret K. Douglass and James S. Douglass to file with the said referee verified accounts showing the amount of such rents received by them during such period, together with the amount disbursed by them or chargeable against said rents ; and also requiring the said Margaret K. Douglass and James S. Douglass to attend before the said referee and submit to examination touching the matters referred to.

The action was brought to compel an accounting by the defendant Mary A. Vandewater, as executrix and trustee under the last will and testament of Mary Ann Vandewater, deceased.

*Louis Marshall,* for the appellant.

*Lewis L. Delafield,* for the respondent.

O'BRIEN, J. :

The order appealed from was made on a motion by the receiver appointed in this action, and directed James S. Douglass, as attorney for Margaret K. Douglass, to pay over to the receiver the rents of certain premises collected by him between January 10 and February 24, 1898, and, as the exact amount of such rents did not appear on the hearing, further directed that that matter be referred to a referee to ascertain and report the amount so collected, and ordered that Margaret K. Douglass and her husband and attorney, James S. Douglass, should render accounts of the amounts of rents collected and received by them respectively.

The appeal is not brought by James S. Douglass, but by Margaret K. Douglass, his wife, who insists that the order was improperly made, for the reason that she not being in court no relief could be granted against her ; that her rights could not be determined on motion, but only in an action, and that the receiver could not destroy an agreement made between her and the trustee by which she was entitled to the rents.

A brief review of the facts will show that these contentions are untenable. It is true that Mrs. Douglass was not served with the motion papers, but they were served on James S. Douglass, and she

appeared on the motion and was represented by counsel. It was, therefore, competent for the court to determine on that motion whether she, or her husband acting as attorney in fact for her, had unlawfully collected the rents which should have been paid to the receiver.

At the time this action was commenced and the receiver appointed, by order dated January 10, 1898, a prior agreement existed for the sale of the property to Mrs. Douglass by the trustee. As a consequence she was made a party to the action, by an order wherein it was provided that the sale to her should be made, and the proceeds of such sale should be divided in a prescribed manner. Although, by the terms of this agreement between Mrs. Douglass and the trustee, she would appear to be entitled to the rents, the order of January tenth did not authorize her to take immediate possession of the property or its rents, but, on the contrary, by the very words of that order, the receivership was to remain unmodified until the sale was consummated. As the receiver was appointed to collect and retain the rents, he was entitled to the same until the court otherwise directed. If aggrieved by either of the orders made in respect to the receivership, Mrs. Douglass could have applied to the court to have the same modified. But standing as they did in full force and effect, so far as the rents were concerned, she had no right to take possession of the property and collect the rents, as she immediately proceeded to do after the order of January tenth. The deed of the property was not delivered to Mrs. Douglass until February twenty-fourth, and until that date, under the order appointing him, the receiver was entitled to take the rents.

Whether, upon the receiver's accounting, Mrs. Douglass may show that she is entitled to some or all of such rents, is not now material. The question that the court determined below and correctly was that, in the first instance, the receiver was entitled to such rents.

The order accordingly should be affirmed, with costs and disbursements.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and MCLAUGHLIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.